IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT IN AND FOR
BAY COUNTY, FLORIDA

TERESA YATES and her spouse,
LEE YATES,

        Plaintiffs,

vs.

WAL-MART STORES, INC., d/b/a WALMART
SUPERCENTER STORE #818,

        Defendant.

CASE NO.: 10-1658-CA

HM

---

### SUMMONS

THE STATE OF FLORIDA

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant **WAL-MART STORES, INC., d/b/a WALMART SUPERCENTER STORE #818,** by serving its designated registered agent, CT CORPORATION SYSTEM, 1200 S. Pine Island Road, Plantation, FL 33324.

      Each defendant is required to serve written defenses to the complaint or petition on Christopher A. Young, Esq., whose address is 2612 W. 15th Street, Panama City, FL 32401, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED this ____ day of _____ JUN 2 5 2010 _____, 2010.

As Clerk of the Court
By _____
As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene viente (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera;  si usted desea que el tribunal considere su defensa, debe presentar su respuensta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifa a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plaínte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous estes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vou souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copieau carbone ou une potocopie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## IN AND FOR BAY COUNTY, FLORIDA

TERESA YATES, and her spouse,
LEE YATES,

      Plaintiffs,

v.

WAL-MART STORES, INC.,
a foreign corporation,

      Defendant.

CASE NO.: 10-1658-CA

---

### COMPLAINT

Plaintiffs, TERESA YATES and her spouse LEE YATES, sue the Defendant,

WAL-MART STORES, INC., and allege:

### JURISDICTION AND FACTS

1.      This is an action for damages which exceeds the sum of fifteen thousand

($15,000.0) dollars.

2.      At all times material hereto, the Plaintiffs, TERESA YATES and her

spouse LEE YATES, resided in Roopville, Carroll County, Georgia, at the time of the

incident.

3.      Defendant, WAL-MART STORES, INC., (hereinafter referred to as "WAL-

MART"), is a foreign for-profit corporation authorized to do and is doing business in the

State of Florida and has designated CT Corporation System, 1200 S. Pine Island Road,

Plantation, FL 33324 as its registered agent to receive service of process.

FILED
2010 JUN 24 P 3:46
BILL KINSAUL
CLERK OF COURT
BAY COUNTY, FLORIDA

4.      On or about July 3, 2006, Defendant, WAL-MART, was in possession of the building located at 10270 Front Beach Road, Bay County, Panama City Beach, Florida for which the purpose of the building is retail sales.

5.      At said time and place, Plaintiff TERESA YATES, was on the Defendant, WAL-MART's property, as she was an invitee as a shopping guest of the store.

6.      On or about July 3, 2006, Plaintiff, TERESA YATES, entered defendant's premises when suddenly and without warning, Plaintiff slipped and fell in a puddle of water on the floor at or near the cash registers causing her to strike the floor violently sustaining serious and permanent personal injuries.

## COUNT I

Plaintiff, TERESA YATES, sues Defendant, WAL-MART, by this count and re-alleges, affirms and incorporates herein the allegations of **JURISDICTION AND FACTS** of this complaint and further alleges:

7.      Defendant, WAL-MART, owed a duty to Plaintiff and its visitors to keep the premises, including areas, entranceways and floors, in a reasonable safe condition for use by the public.

8.      Defendant, WAL-MART, in breach of its afore described duty negligently committed the following acts of commission or mission:

   a. Failed to maintain the floor in a reasonable safe condition;

   b. Allowed water or a slippery substance to remain on the floor when defendant knew, or in the exercise of reasonable care, should have known that the water or slipper substance existed and created an unreasonable risk of harm to their visitors;

      c. Failed to warn Plaintiff of the danger presented by the presence of the
      water or slippery substance on the floor;

      d. Otherwise generally failed in its duty to maintain the floor in a safe
      condition for use by the public.

9.    The dangerous conditions were known to defendant, WAL-MART, or existed for a sufficient length of time so that defendant, WAL-MART, should have known of it and either corrected the conditions or warned about the danger.

10.    As a direct and proximate result of the foregoing defects, Plaintiff, TERESA YATES, sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, treatment, rehabilitation and loss of ability to earn money. The injuries to TERESA YATES are permanent within a reasonable degree of medical probability, and TERESA YATES has suffered these injuries in the past, from the date of the accident, and will continue to sustain such injuries in the future.

WHEREFORE, Plaintiff, TERESA YATES, sues Defendant, WAL-MART, and seeks damages for the harm and losses caused, plus interest and cost; and further demands such other and any further relief as this Court may deem just, proper and equitable and respectfully requests a jury trial.

## COUNT II

The Plaintiff, LEE YATES, sues the Defendant, WAL-MART, by this count and re-alleges, affirms and incorporates herein the allegations of the **JURISDICTION AND FACT** portion of this complaint and all preceding Counts and further alleges:

15.    He is the husband of Plaintiff, TERESA YATES.

16.    As a result of the injury sustained by his wife, TERESA YATES, as aforesaid, he has sustained the loss of services of, society and consortium with his wife.

WHEREFORE, the Plaintiff, LEE YATES, sues the Defendant, WAL-MART, seeks damages plus interest and costs; and further demands such other and further relief as this Court may deem just, proper and equitable and respectfully requests a jury trial.

Respectfully submitted this ___ day of June, 2010.

Perry & Young, P.A.

BY: _____
Henry Lawrence Perry, Esq.
Florida Bar No.: 059765
Christopher A. Young
Florida Bar No.: 656631
2612 W 15th Street
Panama City, FL 32401
Phone: (850) 215-7777
Facsimile: (850) 215-4777
Attorneys for Plaintiffs

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## IN AND FOR BAY COUNTY, FLORIDA

**TERESA YATES and her spouse, LEE**
**YATES,**

      **Plaintiffs,**

**v.**                                   **Case No.: 10-1658 CA**

**WAL-MART STORES, INC., d/b/a**
**Walmart Supercenter Store #818,**

      **Defendant.**

_____/

### NOTICE OF APPEARANCE

    NOTICE IS HEREBY GIVEN that J. Andrew Talbert, Esq., of the law firm of

Bozeman, Jenkins & Matthews, P.A., 114 East Gregory Street, Pensacola, Florida 32501,

is appearing as attorney of record for defendant, Wal-Mart Stores, Inc.  This notice shall

not be construed as a waiver of any defensive motions defendant may have or confer

jurisdiction over the defendant.

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been furnished to
H. Lawrence Perry, Esq. / Christopher A. Young, Esq., Perry & Young, P.A., 2612 West
15th Street, Panama City, FL 32401 by U.S. mail/facsimile/hand delivery this 24th day of
July, 2010.

                                   _____

                                 **J. Andrew Talbert**
                                 Florida Bar No.: 0106003
                                 BOZEMAN, JENKINS & MATTHEWS, P.A.
                                 114 East Gregory Street (32502)
                                 Post Office Box 13105
                                 Pensacola, FL 32591-3105
                                 (850) 434-6223 Telephone
                                 (850) 434-5242 Facsimile
                                 E-Mail:  ATalbert@bjm-law.com

                                 *Attorneys for Wal-Mart Stores, Inc.*

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
TERESA YATES and her spouse, LEE YATES

**DEFENDANTS**
WAL-MART STORES, INC., d/b/a Walmart Supercenter Store #818

**(b)**  County of Residence of First Listed Plaintiff    Carroll
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)
H. Lawrence Perry, Esq., Perry & Young, P.A., 2612 West 15th Street, Panama City, FL  32401
(850) 215-7777

Attorneys (If Known)
J. Andrew Talbert, Esq., Bozeman, Jenkins & Matthews, 114 E. Gregory St., Pensacola, Fl 32502   (850) 434-6223

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☒ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                            and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN    (Place an "X" in One Box Only)

| | | | | | Appeal to District |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):      JUDGE   Hentz McClellan      DOCKET NUMBER   10-1658 CA

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**　　　**(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

　　　　(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

　　　　(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**　　　**Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**　　　**Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**　　　**Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**　　　**Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**　　　**Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**　　　Example:　　U.S. Civil Statute: 47 USC 553
　　　　　　　　　　　　　　　　Brief Description: Unauthorized reception of cable service

**VII.**　　　**Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**　　　**Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

## IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
## IN AND FOR BAY COUNTY, FLORIDA

**TERESA YATES and her spouse, LEE YATES,**

      **Plaintiffs,**

**v.**                               **Case No.: 10-1658 CA**

**WAL-MART STORES, INC., d/b/a**
**Walmart Supercenter Store #818,**

      **Defendant.**

_____/

### ANSWER AND AFFIRMATIVE DEFENSES

COME NOW defendant, Wal-Mart Stores, Inc., d/b/a Walmart Supercenter Store 818, by and through their undersigned counsel and file their answer to the complaint and state as follows:

### Jurisdiction and Facts

1.      Without knowledge and therefore denied.

2.      Without knowledge and therefore denied.

3.      Admitted.

4.      Without knowledge and therefore denied.

5.      Without knowledge and therefore denied.

6.      Denied.

### Count I

Defendant restates and realleges its answers to paragraphs 1 - 6 as though fully set forth herein.

7.    Denied, including subparagraphs.

8.    Denied.

9.    Denied.

10.   Denied.

## Count II - Negligence

Defendant restates and realleges its answers to paragraphs 1 - 10 as though fully set forth herein.

15. (sic)    Without knowledge and therefore denied.

16.(sic)    Denied.

### First Affirmative Defense

17.    To the extent that any of the losses and damages which are the subject of this action by the plaintiffs have been paid or are payable by collateral or other sources in accordance with Florida Statutes and applicable law, the plaintiffs are not entitled to collect for such losses, or in the alternative, the defendants are entitled to a set off.

### Second Affirmative Defense

18.    Plaintiff, Teresa Yates, was negligent, which negligence was a sole cause or contributing cause to the accident or incident complained of, so as to bar or diminish any claim for recovery.

2

### Third Affirmative Defense

19.     The incident described in the plaintiffs' complaint was the result of the

negligence of such other persons not named as parties to this action (also known as the

Fabre defense).

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable by law.

### CERTIFICATE OF SERVICE

*I hereby certify that a true and correct copy of the foregoing has been furnished to*

H. Lawrence Perry, Esq. / Christopher A. Young, Esq., Perry & Young, P.A., 2612 West

15th Street, Panama City, FL  32401 by U.S. mail/facsimile/hand delivery this 29th day of

July, 2010.

J. Andrew Talbert
Florida Bar No.:  0106003
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL  32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
E-Mail:          ATalbert@bjm-law.com
Attorneys for Wal-Mart Stores, Inc.

# BOZEMAN, JENKINS & MATTHEWS, P.A.
## ATTORNEYS AT LAW
114 E. GREGORY STREET
PENSACOLA, FLORIDA 32502
(850) 434-6223 telephone
(850) 434-5242 facsimile

7/29

## FAX TRANSMITTAL COVER SHEET

**TO:**          H. Lawrence Perry

**FAX NO.:**     (850) 215-4777

**FROM:**        J. Andrew Talbert

**DATE:**        July 29, 2010

**ACCOUNT #:**   366.08

**RE:**          TERESA YATES and her spouse, LEE YATES v. WAL-MART
                 STORES, INC., d/b/a Walmart Supercenter Store #818

**Number of pages (including cover sheet): 4**

**REMARKS:**

**Original will not follow: _____ Original will follow via:**    __X__  **Regular Mail**
                                                                 _____  **Overnight**
                                                                 _____  **Hand Delivery**
                                                                 _____  **E-Mail**

This facsimile message is legally privileged and confidential information intended only for the use of the individual or
entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of the facsimile is strictly prohibited.  If you have received this telecopy in error,
please notify us by phone and return the original message to us via U.S. Mail to the address shown above.

**IF YOU EXPERIENCE ANY PROBLEMS WITH THIS TRANSMISSION,
PLEASE CALL (850) 434-6223 AS SOON AS POSSIBLE.**

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BAY COUNTY, FLORIDA**

**TERESA YATES and her spouse,**
**LEE YATES,**

       **Plaintiffs,**                     **CASE NO.:  10-1658 CA**

**vs.**

**WAL-MART STORES, INC., d/b/a WALMART**
**SUPERCENTER STORE #818,**

       **Defendant.**
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES

      PLAINTIFFS, TERESA YATES and her spouse LEE YATES, by and through

undersigned attorney, hereby reply to Defendant's Answer and Affirmative Defenses

filed on or about August 5, 2010 and therefore state the following:

      1.     Plaintiffs reallege the allegations which the Defendant denies contained in

the complaint.

      2.     The First Affirmative Defense which states the Plaintiff has received

collateral source benefits is **ADMITTED**.   However, any collateral sources that have or

are payable will have a subrogation right, which the Plaintiff is required to pay back.

The Defendant is not entitled to a setoff of any collateral source benefits which have

been paid or are payable to the Plaintiff.

      3.     The Second Affirmative Defense which states the Plaintiff, Teresa Yates,

was negligent, which negligence constituted either sole proximate cause of the event

described in the Complaint, or in the alternative contributed thereto and Plaintiff is

*AUG 1 9 2010*

therefore barred recovery or in the alternative any damages award to Plaintiff against Defendant should be reduced pursuant to the Rule of Comparative Negligence is **DENIED**. The Defendant has asserted no facts which indicate in any way that the Plaintiff is at fault in this accident and has given no way for the Plaintiff to defend against the same. Therefore, the same is **DENIED** and Plaintiffs demand strict proof thereof.

4.     The Third Affirmative Defense which states the incident described in the plaintiffs' complaint was the result of the negligence of such other persons not named as parties to this action is **DENIED**.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to **Andy Talbert, Esq.**, Bozeman, Jenkins & Matthews, P.A., 114 East Gregory Street, Pensacola, FL 32502on this ___16___ day of August, 2010.

Perry & Young, P.A.

BY: _____

**H. Lawrence Perry, Esq.**
**Florida Bar No.: 059765**
**Christopher A. Young**
**Florida Bar No.: 656631**
**2612 W 15th St**
**Panama City, FL  32401**
**Phone: (850) 215-7777**
**Facsimile: (850) 215-4777**
**Attorneys for the Plaintiff**

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

TERESA YATES and her spouse, LEE
YATES,

        Plaintiffs,

v.                            Case No.: 10-1658 CA

WAL-MART STORES, INC., d/b/a
Walmart Supercenter Store #818,

        Defendant.

_____/

## DEFENDANT'S FIRST REQUEST TO
## PRODUCE DOCUMENTS TO PLAINTIFF

Pursuant to Fla.R.Civ.P. 1.350, Defendant Wal-Mart Stores, Inc. requests Plaintiffs to produce for its inspection and/or copying the following documents:

## INSTRUCTIONS

A.      You are directed to separately identify and label the materials requested to correspond with the categories in the request.

B.      Unless an original is specifically requested, in lieu thereof you may produce a true and correct copy in legible condition.

C.      If objection is made to part of an item or category requested, you are directed to specify the part or category to which objection is made, state all grounds upon which the objection is made, and identify the legal basis for each objection. If any objection to production is based on a claim of privilege, you are directed to comply with the provisions of Fla.R.Civ.P. 1.280 by providing an appropriate and detailed privilege log.

## DEFINITIONS

A.      The term "document" as used in this production request refers to every writing, drawing, graph, chart, photograph, electronically recorded and stored material, digitally recorded and stored material, and other data compilations from which information may be obtained, translated, if necessary, by the party to whom the request is directed into reasonably usable form, including but not limited to notes, contracts, letters, memoranda, messages, logs, diaries, forms, card files, journals, ledgers, computer printouts, tapes, discs, computer-stored data, facsimile reproductions (fax), reports, statistical compilations, computations, pictures, minutes, manuals, pamphlets, and books of every nature.

B.      Whenever photographs are requested or produced, you are directed to produce original prints made directly from negatives, and not photocopies of original prints.

C.      The term "writing" as used in this production request applies to all words, phrases, numbers, lines, and symbols, whether hand written, printed, typed, mimeographed, photocopied, fax reproduced, photographed, microfilmed, microfiched, electronically recorded, digitally recorded, recorded by analog device, computerized, or otherwise stored, produced or reproduced.

D.      The term "communication" as used in this production request refers to oral or written utterances and communications in words, pictures, signs, symbols, or data, whether transmitted in person, by telephone, by electronic means, modem, or any other manner.

## DOCUMENTS REQUESTED

1.      All statements made by Plaintiff relating in any way to the incident complained of, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes tapes and written statements, whether signed or unsigned.

2.      All statements made by Defendant or Defendant's agents, servants or employees relating in any way to the incident complained of, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes tapes or written statements, whether signed or unsigned.

3.      All statements of any witnesses to the incident complained of or any witnesses having knowledge regarding any facts or issues in this case, including, but not limited to, any recorded telephone interviews, audiotapes, videotapes tapes or written statements, whether signed or unsigned.

4.      All incident or other reports prepared by or for Plaintiff for any purpose and which relate in any way to the incident complained of, including but not limited to, reports to any employer or insurance company regarding the incident, if applicable.

5.      All correspondence Plaintiff or Plaintiff's attorney(s) received from any agent, servant or employee of Defendant.

6.      All notes concerning any oral conversations Plaintiff or any of Plaintiff's agents had with any agent, servant or employee of Defendant.

7.      All photographs or laser color copies, slides, movie films, videotapes, diagrams, computer images or sketches taken of the scene of the incident.

3

8.     All photographs or laser color copies, slides, movie films, videotapes, computer images or sketches which depict Plaintiff at any time in the past five (5) years, including, but not limited to, any photographs of Plaintiff depicting injuries to Plaintiff sustained as a result of the incident complained of.

9.     All medical records, reports, histories, narrative summaries, discharge summaries, operative summaries, questionnaires and other similar documentation describing the injuries complained of, including but not limited to any correspondence between you or your attorney and any of your treating physicians.

10.    All spinal x-rays, CT scans, MRI scans or myelograms done of Plaintiff at any time, both before and after the incident complained of.

11.    All bills, receipts, statements or other similar documentary evidence which show expenditures or costs incurred for medical treatment, hospitalization, ambulance service, drugs, medications or other similar expenses incurred as a result of the incident complained of.

12.    With regard to insurance available to Plaintiff, all contracts of insurance along with the declaration sheets of all insurance in effect on the date of the incident complained of, including, but not limited to, any medical, automobile, personal injury protection ("PIP") insurance, medical payment, hospitalization, Medicaid, Medicare, disability, workers' compensation, health and accident or employment-related insurance.

13.    All applications and claims submitted by Plaintiff or on Plaintiff's behalf for insurance benefits to pay in whole or in part for any injuries or damages complained of,

including, but not limited to, payments for medical expenses, funeral expenses, lost wages, lost earning capacity, or any period of disability following the subject incident.

14.     All writings and documents of any sort showing payments made by any source for any of the injuries or damages complained of in this case, including but not limited to, payments for medical expenses, funeral expenses, lost wages, loss of earning capacity, or any period of disability following the incident, including any personal injury protection ("PIP") benefits, medical payments benefits, liability insurance benefits, uninsured motorist benefits, or any other similar benefits, whether public or private. This request includes, but is not limited to, records of payments, checks and duplicate checks, check stubs, and all writings relating to any payments made under the insurance policies covered by paragraph 12 above.

15.     The contract, insurance policy, release or other writing of whatsoever kind and nature which is the basis for payment of the benefits described in requests 13 and 14 above.

16.     A legible copy of the back and front of Plaintiff's health insurance card(s).

17.     All reports, correspondence, records or similar documents Plaintiff contends evidences, describes, or substantiates any future medical expenses claimed or anticipated as a result of the incident complained of.

18.     All agreements under which any person or entity may be liable to satisfy part or all of any potential judgment that may be entered in this case, or to indemnify or to reimburse any party for payments made to satisfy the judgment. This requests includes, but is not limited to, any indemnity agreement entered into by Plaintiff which falls under the

5

provisions of Fla.R.Civ.P. 1.280(b)(2), as well as any releases or other similar type of settlement agreements between Plaintiff and any other person or entity which may be responsible for the injuries or damages complained of or for any prior or subsequent injury or accident involving Plaintiff.

19.    All income tax returns and W-2 forms in connection with federal income tax returns filed by Plaintiff, individually or jointly with any other person, for the five (5) calendar years prior to the incident complained of to the present.

20.    All withholding statements, pay envelopes, deposit slips, or any other similar evidence of income to Plaintiff for labor, services or sales during the five (5) years prior to the date of the incident complained of to the present, including, but not limited to, any written records or documentation of the rate of pay at which Plaintiff was employed.

21.    All payroll documents, check stubs, records, reports or similar documents which in any way calculate, evidence, or substantiate the damages claimed by Plaintiff for:

(a)    Past and present lost wages;

(b)    Future loss of earnings capacity.

22.    All calendars, daily diaries or appointment books kept by or for Plaintiff which reflect notations as to lost wages, alleged injuries or limitations within the past five (5) years.

23    All applications for employment made by Plaintiff from the three (3) years prior to the incident complained of to the present.

6

24.    All documents prepared by or on behalf of any health care provider for Plaintiff which evidence or substantiate any claims of Plaintiff's limitations or inability to work or earn wages in the past, present or future.

25.    All diplomas, certificates, awards, records of achievement or similar documents evidencing Plaintiff's qualifications, abilities or skills for employment, hobbies or recreational activities prior to the incident complained of.

26.    All school records, reports and transcripts concerning Plaintiff's attendance in high school, junior college, college or vocational training.

27.    All documents which constitute, evidence or reflect any special damages Plaintiff claims as a result of the incident complained of, other than medical bills and lost wages.

28.    All medical records, reports, histories, narrative summaries, discharge summaries, operative summaries, questionnaires and other similar documentation describing Plaintiff's physical or mental conditions during the five (5) years preceding the incident complained of.

29.    All claim forms, applications for benefits, or other written documents which evidence application for, receipt of, or claim by or on behalf of Plaintiff for health or disability insurance or disability benefits within the past ten (10) years.

30.    All reports prepared by any expert(s) expected to testify at trial, together with copies of all drafts or writings prepared by said expert(s) setting forth any factual observations, tests, calculations, photographs or opinions of each such expert, as well as a resume or summary of expert's qualifications in his/her claimed field of expertise.

7

31. All documents, records, photographs, or other written materials of any kind whatsoever which have been provided to any person, firm or corporation whom Plaintiff expects to call as an expert witness at the trial of this case.

32. All standards, codes, regulations, treatises, publications or other similar supporting data relied upon by each expert witness Plaintiff expects to call at the trial of this case.

33. All photographs, blow-ups, recordings, charts, graphs, sketches or any other tangible items or documentary evidence which Plaintiff intends to use during the trial of this case and which have not been produced in response to any of the preceding requests.

34. All documents identified by Plaintiff in Plaintiff's answers to this Defendant's interrogatories served concurrently herewith.

35. All letters of protection issued by your attorney on your behalf to health care providers, including all doctors, chiropractors, and diagnostic testing facilities.

36. All letters sent by your attorney or on your behalf pursuant to §768.76, Florida Statutes, to the providers of collateral sources, including any and all health and disability insurers.

37. All responses to the letters described in request number 36 above received by you or your attorney on your behalf from any collateral source providers, including any and all health and disability insurers.

38. All data compilations kept or stored of any of the above-requested documents, or from which any of the above-requested documents were obtained or

8

translated from, including any computer generated data, software, or backup, however stored or maintained and whether on a computer floppy disk, hard disk, or on some other form of media or disk(s).

39.    If you are claiming a loss of wages or lost earning capacity, a signed authorization, an original of which is attached, releasing your Social Security Administration records.

40.    A signed medical authorization, original attached.

41.    All receipts, banking statements, credit card statements or other similar documents evidencing or relating to any purchases made by Plaintiff on the date of the incident complained of.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to H. Lawrence Perry, Esq. / Christopher A. Young, Esq., Perry & Young, P.A., 2612 West 15th Street, Panama City, FL  32401 by U.S. mail/facsimile/hand delivery this 16th day of August, 2010.

**J. Andrew Talbert**
Florida Bar No.:  0106003
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL  32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
E-mail - atalbert@bjm-law.com
Attorneys for Defendant

9

# AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION (PHI)

**Section A: This section must be completed for all Authorizations**

| Patient/Plan Member Name:<br>Teresa Yates | Birth Date: | Social Security No. (*optional*): |
|---|---|---|

| Provider's/Health Plan's Name: | Recipient's Name:<br>J. Andrew Talbert |
|---|---|

| Provider's/Health Plan's Address: | Recipient's Address:<br>Bozeman, Jenkins & Matthews, P.A.<br>Post Office Box 13105<br>Pensacola, FL  32591-3105 |
|---|---|

This authorization will expire on the following:  (Fill in the Date or the Event but not both.)

| Date: | Event: |
|---|---|

Purpose of disclosure: pending litigation

**Description of information to be used or disclosed**

Is this request for psychotherapy notes?  [ ]  Yes, then this is the only item you may request on this authorization.  You must submit another authorization for other items below.  [ ] No, then you may check as many items below as you need.

| Description: | Date(s): | Description: | Date(s): | Description: | Date(s) |
|---|---|---|---|---|---|
| [ ] All PHI in medical record<br>[ ] Admission form<br>[ ] Dictation reports<br>[ ] Physician orders<br>[ ] Intake/Outtake<br>[ ] Clinical Test<br>[ ] Medication Sheets | | [ ] Operative Information<br>[ ] Cath lab<br>[ ] Special test/therapy<br>[ ] Rhythm Strips<br>[ ] Nursing Information<br>[ ] Transfer forms<br>[ ] ER Information | | [ ] Labor/delivery sum.<br>[ ] OB nursing assess<br>[ ] Postpartum flow sheet<br>[ ] Itemized bill:<br>[ ] UB-92<br>[ ] Other:<br>[ ] Other: | |

I acknowledge, and hereby consent to such, that the released information may contain alcohol, drug abuse, psychiatric, HIV testing, HIV results or AIDS information. _____ (Initial) If not applicable, check here. [ ]

I understand that:
1.     I may refuse to sign this authorization and that it is strictly voluntary.
2.     My treatment, payment, enrollment or eligibility for benefits may not be conditioned on signing this authorization.
3.     I may revoke this authorization at any time in writing, but if I do, It will not have any affect on any actions taken prior to receiving the revocation.  Further details may be found in the Notice of Privacy Practices.
4.     If the requester or receiver is not a health plan or health care provider, the released information may no longer be protected by federal privacy regulations and may be redisclosed.
5.     I understand that I may see and obtain a copy of the information described on this form, for a reasonable copy fee, if I ask for it.
6.     I get a copy of this form after I sign it.

**Section B:  Is the request of PHI for the purpose of marketing?**
**If yes, the health plan or health care provider must complete Section B, otherwise skip to Section C.**

Will the recipient receive financial or in-kind compensation in exchange for using or disclosing this information?          [ ] Yes     [ ] No
If yes, describe:

**Section C:  Signatures**

I have read the above and authorize the disclosure of the protected health information as stated.

| Signature of Patient/Plan Member/Guardian/Patient/Plan Member Representative: | Date: |
|---|---|
| Print Name of Patient/Plan Member's  Representative: | Relationship to Patient/Plan Member: |

Form Approved
OMB No. 0960-0525

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

*Use This Form If You Need

1. **Certified/Non-Certified Detailed Earnings Information**

   Includes periods of employment or self-employment and the names and addresses of employers.

   OR

2. **Certified Yearly Totals of Earnings**

   Includes total earnings for each year but does not include the names and addresses of employers.

> **DO NOT USE THIS FORM FOR:**
>
> Non-certified yearly totals of earnings
>
> This service is free to the public.
>
> These totals can be obtained by calling 1-800-772-1213 to receive Form SSA-7004, Request for Earnings and Benefit Estimate Statement.

**PRIVACY ACT NOTICE:** We are authorized to collect this information under section 205 of the Social Security Act, and the Federal Records Act of 1950 (64 Stat. 583). It is needed so we can identify your records and prepare the statement you request. You do not have to furnish the information, but failure to do so may prevent your request from being processed.

**Paperwork Reduction Act Statement -** This information collection meets the requirements of 44 U.S.C. § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 11 minutes to read the instructions, gather the facts, and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. The office is listed under U. S. Government agencies in your telephone directory or you may call Social Security at 1-800-772-1213 (TTY 1-800-325-0778). You may send comments on our time estimate above to: SSA, 6401 Security Blvd, Baltimore, MD 21235-6401. *Send only comments relating to our time estimate to this address, not the completed form.*

## INFORMATION ABOUT YOUR REQUEST

- **How Do I Get This Information?**

  You need to complete the attached form to tell us what information you want.

- **Can I Get This Information For Someone Else?**

  Yes, if you have their written permission. For more information, see page 3.

- **Who Can Sign On Behalf Of The Individual?**

  The parent of a minor child, or the legal guardian of an individual who has been declared legally incompetent, may sign if he/she is acting on behalf of the individual.

  **Is There A Fee For This Information?**

  1. **Certified/Non-Certified Detailed Earnings Information**

     Yes, we usually charge a fee for detailed information. In most cases, this information is used for purposes NOT directly related to Social Security such as for a private pension plan or personal injury suit. The fee chart on page 3 gives the amount of the charge.

     Sometimes, there is no charge for detailed information. If you have reason to believe your earnings are not correct (for example, you have previously received earnings information from us

and it does not agree with your records), we will supply you with more detail for the period in question. Occasionally, earnings amounts are wrong because an employer did not correctly report earnings or earnings are credited to the wrong person. In situations like these, we will send you detailed information, at no charge, so we can correct your record.

Be sure to show the year(s) involved on the request form and explain why you need the information. If you do not tell us why you need the information, we will charge a fee.

We will certify the detailed earnings information for an additional fee of $15.00. Certification is usually not necessary unless you plan to use the information in court.

2. **Certified Yearly Total of Earnings**
   Yes, there is a fee of $15 to certify yearly totals of earnings. Cetification is usually not necessary unless you plan to use the information in court.

3. **Method of Payment**
   Enclose a check or money order for the entire fee required. Payment can also be made by credit card. To do so, complete page 4 of this form and return it with your request form.

Form SSA-7050-F4 (01-2004) EF (09-2008)
Destroy prior editions

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. From whose record do you need the earnings information?

   Print the Name, Social Security Number (SSN), and date of birth below.

   Name _____          Social Security
                                                  Number _____

   Other Name(s) Used                             Date of Birth
   (Include Maiden Name) _____ (Mo/Day/Yr) _____

2. What kind of information do you need?

   ☐  **Detailed Earnings Information**          For the period(s)/year(s): _____
       (If you check this block, tell us below
       why you need this information.)

       _____

   ☐  **Certified Total Earnings For Each Year.**  For the year(s):        _____
       (Check this box only if you want the information
       certified. Otherwise, call 1-800-772-1213 to
       request Form SSA-7004, Request for Earnings
       and Benefit Estimate Statement)

3. If you owe us a fee for this detailed earnings information, enter the amount due
   using the chart on page 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A. $ _____

   Do you want us to certify the information?               ☐ Yes    ☐ No

   If yes, enter $15.00 · · · · · · · · · · · · · · · · · · · · B. $ _____

   ADD the amounts on lines A and B, and
   enter the TOTAL amount . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C. $ _____

   - You can pay by CREDIT CARD by completing and returning the form on page 4, or
   - Send your CHECK or MONEY ORDER for the amount on line C with the request
     and make check or money order payble to "Social Security Administration"
   - DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that
   *individual). I understand that any false representation to knowingly and willfully obtain information from
   Social Security records is punishable by a fine of not more than $5,000 or one year in prison.*

   SIGN your name here
        (Do not print)  > _____          Date _____

   Daytime Phone Number          _____  _____
                                (Area Code)  (Telephone Number)

5. Tell us where you want the information sent. (Please print)

   Name _____          Address _____

   City, State & Zip Code _____

6. Mail Completed Form(s) To:          **Exception: If using private contractor (e.g., FedEx) to mail form(s), use:**

   Social Security Administration          Social Security Administration
   Division of Earnings Record Operations  Division of Earnings Record Operations
   P.O. Box 33003                          300 N. Greene St.
   Baltimore Maryland  21290-3003          Baltimore Maryland  21290-0300

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

How Much Do I Have to Pay For Detailed Earnings?

1. Count the number of years for which you need detailed earnings information. Be sure to add in both the first and last year requested. However, do not add in the current calendar year since this information is not yet available.

2. Use the chart below to determine the correct fee.

| Number of Years Requested | Fee | Number of Years Requested | Fee | Number of Years Requested | Fee |
|---|---|---|---|---|---|
| 1 | $15.00 | 15 | $43.75 | 28 | $64.50 |
| 2 | 17.50 | 16 | 45.50 | 29 | 66.00 |
| 3 | 20.00 | 17 | 47.25 | 30 | 67.50 |
| 4 | 22.50 | 18 | 49.00 | 31 | 68.75 |
| 5 | 25.00 | 19 | 50.75 | 32 | 70.00 |
| 6 | 27.00 | 20 | 52.50 | 33 | 71.25 |
| 7 | 29.00 | 21 | 54.00 | 34 | 72.50 |
| 8 | 31.00 | 22 | 55.50 | 35 | 73.75 |
| 9 | 33.00 | 23 | 57.00 | 36 | 75.00 |
| 10 | 35.00 | 24 | 58.50 | 37 | 76.25 |
| 11 | 36.75 | 25 | 60.00 | 38 | 77.50 |
| 12 | 38.50 | 26 | 61.50 | 39 | 78.75 |
| 13 | 40.25 | 27 | 63.00 | 40 | 80.00 |
| 14 | 42.00 | | | | |

**For Requests Over 40 Years, Please Add 1 Dollar for Each Additional Year.**

- **Whose Earnings Can Be Requested**

  **1. Your Earnings**

  You can request earnings information from your own record by completing the attached form; we need your handwritten signature. If you sign with an "X", your mark must be witnessed by two disinterested persons who must sign their name and address.

  **2. Someone Else's Earnings**

  You can request earnings information from the record of someone else if that person tells us in writing to give the information to you. This writing or "authorization" must be presented to us within 60 days of the date it was signed by that person.

  **3. A Deceased Person's Earnings**

  You can request earnings information from the record of a deceased person if you are the legal representative of the estate, a survivor (that is, the spouse, parent, child, divorced spouse of divorced parent), or an individual with a material interest (example-financial) who is an heir at law, next of kin, beneficiary under the will or donee of property of the decedent.

  Proof of death must be included with your request. Proof of appointment as representative or proof of your relationship to the deceased must also be included.

## YOU CAN MAKE YOUR PAYMENT BY CREDIT CARD

As a convenience, we offer you the option to make your payment by credit card.  However, regular credit card rules will apply.
You may also pay by check or money order.

Please fill in all the information below and return
this form along with your request to:

    Social Security Administration
    Division of Earnings Record Operations
    P.O. Box 33003
    Baltimore Maryland  21290-3003

**Exception:**
If using private contractor (e.g., FedEx) to mail form(s), use:

    Social Security Administration
    Division of Earnings Record Operations
    300 N. Greene St.
    Baltimore Maryland  21290-0300

### Note: Please read Paperwork/Privacy Act Notice

CHECK ONE ——→  ☐ Visa   ☐ American Express   ☐ MasterCard   ☐ Discover   ☐ Diners Card

Credit Card Holder's Name ——→
(Enter the name from the credit card)
*First Name, Middle Initial, Last Name*

Credit Card Holder's Address ——→
*Number & Street*
*City, State, & Zip Code*

Daytime Telephone Number ——→
*Area Code*   *Telephone Number*

Credit Card Number ——→

Credit Card Expiration Date ——→
*Month*   *Year*

Amount Charged ——→  $

Credit Card Holder's Signature ——→

**DO NOT WRITE IN THIS SPACE
OFFICE USE ONLY**

Authorization

Name                                    Date

Remittance Control #

### PRIVACY ACT NOTICE

The Social Security Administration (SSA) has authority to collect the information requested on this form under section 205 of the
Social Security Act.  Giving us this information is voluntary.  You do not have to do it.  We will need this information only if
you choose to make payment by credit card.  You do not need to fill out this form if you choose another means of payment (for
example, by check or money order).

If you choose the credit card payment option, we will provide the information you give us to the banks handling your credit card
account and SSA's account.  We may also provide this information to another person or government agency to comply with
federal laws requiring the release of information from our records. You can find these and other routine uses of information
provided to SSA listed in the Federal Register.  If you want more information about this, you may call or write any Social

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA**

**TERESA YATES and her spouse, LEE
YATES,**

      *Plaintiffs,*

**v.**                              **Case No.: 10-1658 CA**

**WAL-MART STORES, INC., d/b/a
Walmart Supercenter Store #818,**

      **Defendant.**

_____/

## NOTICE OF SERVICE OF INTERROGATORIES
## TO PLAINTIFF LEE YATES

I HEREBY CERTIFY that the original and a copy of Defendant Wal-Mart Stores,

Inc.'s Interrogatories to Plaintiff Lee Yates, along with a copy of this notice, were furnished

to H. Lawrence Perry, Esq., Perry & Young, P.A., 2612 West 15th Street, Panama City, FL

32401, by U.S. mail/facsimile/hand delivery this _16th_ day of August, 2010.

                                      _____

                                      J. Andrew Talbert
                                      Florida Bar No.:  0106003
                                      BOZEMAN, JENKINS & MATTHEWS, P.A.
                                      114 East Gregory Street (32502)
                                      Post Office Box 13105
                                        Pensacola, FL  32591-3105
                                      (850) 434-6223 Telephone
                                      (850) 434-5242 Facsimile
                                      Attorney for Defendant

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA

TERESA YATES and her spouse, LEE
YATES,

      Plaintiffs,

v.                                Case No.: 10-1658 CA

WAL-MART STORES, INC., d/b/a
Walmart Supercenter Store #818,

      Defendant.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES
## TO PLAINTIFF TERESA YATES

    I HEREBY CERTIFY that the original and a copy of Defendant Wal-Mart Stores,

Inc.'s Interrogatories to Plaintiff Teresa Yates, along with a copy of this notice, were

furnished to H. Lawrence Perry, Esq., Perry & Young, P.A., 2612 West 15th Street,

Panama City, FL 32401, by U.S. mail/facsimile/hand delivery this 16th day of August, 2010.

                                                      _____

J. Andrew Talbert
Florida Bar No.:  0106003
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL  32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
Attorney for Defendant