# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**TERESA YATES, and her spouse,**
**LEE YATES**

     **Plaintiffs,**

**vs.**                          **CASE NO. 5:10-cv-226/RS-GRJ**

**WAL-MART STORES, INC., d/b/a**
**Walmart Supercenter Store #818,**

     **Defendant.**
_____/

## ORDER

     Before me is Defendant's Motion Seeking Determination That Provisions of Florida Statute §768.0755 Apply to Establish Plaintiffs' Burden of Proof (Docs. 8 and 9). Because the Plaintiffs have not filed a response, this Motion is considered in light of N.D. Fla. Loc. R. 7.1(C).

### Background

     This is a slip-and-fall case where Mr. Yates allegedly suffered injuries at Defendant's place of business on July 3, 2006 (Doc. 3, attach. 1). Subsequent to this injury, the Florida legislature enacted a new statue changing what an "injured party must prove" in slip-and-fall cases. FLA. STAT. §768.0755 (2010). The statute took effect on July 1, 2010. *Id.* The sole issue presented by this motion is whether the burden of proof required by Fla. Stat. §768.0755 applies where the statute took effect after the injury giving rise to the cause of action, but before trial.

## Analysis

Whether a statute has retroactive effect turns on the character of the statute in question--whether the statute is either substantive or procedural. *Smiley v. State*, 966 So. 2d 330, 334 (Fla. 2007). As a general rule, in the absence of clear legislative intent to the contrary, a law affecting substantive rights is presumed to apply prospectively. *Arrow Air v. Walsh*, 645 So. 2d 422, 424 (Fla. 1994). On the other hand, where statutes are procedural, no such presumption exists. Rather, "whenever possible, such [procedural] legislation should be applied to pending cases in order to fully effectuate the legislation's intended purpose." *Smiley*, 966 So. 2d at 334 (*citing Arrow Air*, 654 So. 2d at 424). *See also Cunningham v. State Plant Board*, 112 So. 2d 905, 906 (Fla. Dist. Ct. App. 2d Dist. 1959) (noting that statutes relating to "modes of procedure" do not come within the general rule against the retrospective operation of statutes).

"A substantive law creates, defines, and regulates rights as opposed to procedural or remedial law which prescribes a method of enforcing the rights or obtaining redress for their invasion." *Richardson v. Honda Motor Co.*, 686 F. Supp. 303, 304 (M.D. Fla. 1988) (citation omitted). *See also Alamo Rent-A-Car v. Mancusi*, 632 So. 2d 1352, 1358 (Fla. 1994) ("[S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights."). "Burden of proof requirements are procedural in nature." *Walker & La Berge, Inc. v. Halligan*, 344 So. 2d 239, 243 (Fla. 1977). *See also Shaps v. Provident Life & Accident Ins. Co.*, 826 So. 2d 250, 254 (Fla. 2002) ("[G]enerally in Florida the burden of proof is a procedural issue.").

There is no doubt that the newly enacted legislation is a change to the burden of proof required in slip-and-fall cases.  The prior statute, FLA. STAT. §768.0710 (2010) (repealed), was aptly titled "Burden of proof in claims of negligence involving transitory foreign objects or substances against persons or entities in possession or control of business premises."  Thus, the statute that took its place, Fla. Stat. § 768.0755, is procedural in nature and requires retroactive application.

**IT IS ORDERED** that the Defendant's Motion Seeking Determination That Provisions of Florida Statute §768.0755 Apply to Establish Plaintiffs' Burden of Proof (Docs. 8 and 9) is **granted** and I find that §768.0755 is applicable to this cause of action.


**ORDERED** on October 27, 2010

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**