**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**TERESA YATES and her spouse,
LEE YATES,**

      **Plaintiffs,**

**v.**                          **Case No.: 5:10-cv-00226-RS/GRJ**

**WAL-MART STORES, INC., d/b/a
Walmart Supercenter Store #818,**

      **Defendant.**

_____/

## <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>AND MEMORANDUM OF LAW IN SUPPORT</u>

_____Defendant, Wal-Mart Stores, Inc., by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 56(b), files its Motion for Summary Judgment and Memorandum of Law in support and states:

### <u>Summary of Argument</u>

      Plaintiffs sued Wal-Mart Stores, Inc., alleging Wal-Mart Stores, Inc. was in possession of the premises where Plaintiff's accident occurred.  In fact, Wal-Mart Stores, Inc. was not in possession of the premises.  Instead, Wal-Mart Stores East, LP, a separate and distinct corporate entity, was in possession of the premises at

the time of the subject accident.  Because Wal-Mart Stores, Inc. is a separate and distinct entity from Wal-Mart Stores East, LP, Wal-Mart Stores, Inc., is not liable.

## The Complaint and Procedural Posture of Case

Plaintiffs, Teresa Yates, and her spouse, Lee Yates, have filed a two-count Complaint alleging Wal-Mart Stores, Inc. negligently maintained the premises located at 10270 Front Beach Road, Panama City Beach, Florida.  Defendant, Wal-Mart Stores, Inc., has filed an answer denying Plaintiffs' allegations and raising affirmative defenses.

## Statement of Undisputed Facts

1.   On July 9, 2010 Plaintiffs served their Complaint against Wal-Mart Stores, Inc., claiming that on July 3, 2006, Wal-Mart Stores, Inc. "was in possession of the building located at 10270 Front Beach Road, Panama City Beach, Florida." Plaintiffs allege that Wal-Mart Stores, Inc. breached its duty because it "failed to maintain the floor in a reasonable safe condition" and it "allowed water or a slippery substance to remain on the floor when it knew, or in the exercise of reasonable care, should have known that the water or slipper[y] substance existed and created a risk of unreasonable harm[.]"  Plaintiffs further allege that Teresa Yates "slipped and fell in a puddle of water on the floor at or near the cash registers" causing her to sustain serious and permanent bodily injuries.  (A copy of the Complaint is attached as Exhibit 1.)

_____2.     On July 29, 2010, Defendant, Wal-Mart Stores, Inc., timely filed its answer and affirmative defenses denying liability, and specifically denying Plaintiffs' allegation that Wal-Mart Stores, Inc. was in possession of the building located at the retail store where the incident occurred.  (A copy of the Answer is attached as Exhibit 2.)

3.     The retail store referenced in Plaintiffs' Complaint is Wal-Mart store #818, located at 10270 Front Beach Road, Panama City Beach, Florida.  (See Affidavit of Jon Kurpil attached as Exhibit 3.)

_____4.     The Complaint alleges Wal-Mart Stores, Inc. was in possession of Wal-Mart store #818 on the day of the accident (July 3, 2006).  However, on that date and all times since, Wal-Mart Stores East, LP has been in possession of  Wal-Mart store #818, and at no time during this period did Wal-Mart Stores, Inc. occupy or operate Wal-Mart store #818.  (See Affidavit of Jon Kurpil attached as Exhibit 3.)

5.     Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP are separate and distinct corporate entities.  (See Affidavit of Jon Kurpil attached as Exhibit 3.)

### MEMORANDUM OF LAW

### Standard for Summary Judgment

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."  Fed.R.Civ.P. 56(b).  The party seeking summary judgment is not required to file

affidavits negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party does bear the initial burden of proof. Plant v. Morton Int'l, Inc., 212 F.3d 929, 934 (6th Cir. 2000). The moving party must make a showing that there is no genuine issue fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c)); see also Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" International Stamp Art, Inc. v. U.S. Postal Service, 456 F.3d 1270, 1274 (11th Cir. 2006) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp. 475 U.D. 574 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986)). As stated by the United States Supreme Court, "Rule 56(e) itself provides a party opposing a properly supported motion for summary judgment

4

may not rest upon mere allegation of denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 257.   "A 'mere scintilla' of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment." Garczyniski v. Bradshaw, 573  F.3d 115, 1165  (11th Cir. 2009) (citing Kesinger v. Herrington, 381 F.3d 1243, 124-1250 (11th Cir. 2004).

Wal-Mart Stores, Inc. has made the required showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law because Wal-Mart Stores, Inc. was never in possession of the subject premises.  The burden now shifts to Plaintiffs to present "substantial evidence" of a genuine issue of material fact.  Plaintiffs cannot satisfy the burden.  Accordingly, Wal-Mart Stores, Inc. is entitled to judgment as a matter of law.

### Defendant is Entitled to Summary Judgment

"Summary judgment is appropriate when a plaintiff sues the wrong party." Cunningham v. Advanta Corp., 2009 WL 290031 (N.D. Tex. 2009); see also Carver v. Liberty Mut. Ins. Co.,  277 F.2d 105, 109 (5th Cir. 1960);  Kirtland v. Bankcorp, 2008 WL 4279885 (N.D. Ohio 2008); and Rivera v. Wal-Mart Stores, Inc., 2005 WL 3488755 (E.D. Pa. 2005).  In Advanta, the plaintiff filed suit against Advanta Corp. because plaintiff received five telephone calls from individuals who claimed they were calling on behalf of Advanta or Advanta Bank to collect a credit card debt from another person.  Advanta filed a motion for summary judgment on the grounds that

it is was not the proper party to the suit.  Advanta based its motion on an affidavit which stated that it was not involved in actions forming the basis of plaintiff's claim because it did not engage in any activity related to credit cards.  Instead, the Advanta affidavit established that its subsidiary, Advanta Bank Corp., was the entity which issued credit cards and was involved in customer communications.  Based upon that affidavit testimony, the court granted summary judgment in favor of Advanta on the grounds that the plaintiff had sued Advanta, when if fact Advanta Bank Corp. would have been the proper party.

In Kirtland, the plaintiff sued U.S. Bancorp based on allegations that it offered him a severance package that was never paid upon his termination.  U.S. Bancorp moved for summary judgment alleging it was not the plaintiff's employer.  Instead, U.S. Bancorp introduced evidence that its subsidiary, U.S. Bank National Association, was at all times plaintiff's employer.  The court granted summary judgment in favor of U.S. Bank Corp., finding that the plaintiff had at all times been employed by its subsidiary, and because U.S. Bank Corp. could not be held liable for the actions of its subsidiary. The court found that the plaintiff was never employed by U.S. Bancorp, but he was employed by U.S. Bank National Association.  As a result, the court granted U.S. Bancorp's motion for summary judgment and dismissed the claim.

Here, as in the Advanta and Kirtland cases, it is clear from the facts and evidence that the Plaintiffs have sued the wrong party.  The undisputed facts show

6

that the Defendant, Wal-Mart Stores, Inc., was not the corporate entity in possession of Wal-Mart store #818, and was not responsible for the maintenance and operation of that premises on the date of the alleged accident.  Instead, Wal-Mart Stores East, LP, was the operator in possession of the subject store on the date of the accident alleged in the Complaint.  The Plaintiffs have sued Wal-Mart Stores, Inc.  The correct entity would have been Wal-Mart Stores East, LP.

Summary judgment should be granted when a defendant establishes that it is a separate entity from the proper party to the suit.  Gardemal v. Westin Hotel Company, 186 F.3d 588, 592 (5th Cir. 1999).  In Gardemal, the plaintiff and her husband traveled to Cabo San Lucas to attend a medical seminar.  The resort was operated by Westin Mexico, S.A. de C.V. (a subsidiary of Westin Hotel Company). During their stay, the concierge at the resort directed plaintiff and her husband  to Lovers' Beach.  While climbing the beach's rocky shores, two men, including the plaintiff's husband, drowned.  Plaintiff sued defendants, Westin Hotel Company and Westin Mexico, S.A de C.V. alleging they were liable for the drowning death of her husband.  Westin Hotel "moved for summary judgment, alleging that although it is the parent company of Westin Mexico, it is a separate corporate entity and thus could not be held liable for the acts committed by its subsidiary."  Id. at 592.  The court granted summary judgment in favor of Westin Hotel, finding that Westin Mexico (the subsidiary) was the only proper defendant, and confirming that Westin

Hotel was "a separate entity" and thus could not be held liable for an act committed by a subsidiary.

"It is a general rule that a parent corporation is not liable for the acts of its subsidiaries." U.S. v. Bestfoods, 524 U.S. 51, 61 (1998). "The mere fact that there exists a parent-subsidiary relationship between two corporations [does not] make the one liable for the torts of its affiliate."[1] Id. In Bestfoods, Ott Chemical Company began manufacturing chemicals at a plant and dumping hazardous wastes, polluting the soil and groundwater. Bestfoods (f/k/a CPC International Inc.) incorporated a wholly owned subsidiary to buy Ott Chemical Company's assets. The new company kept the managers and continued to pollute the site. The United States brought an action for the costs of cleaning up waste generated by the chemical plant. The issue was whether a parent corporation that exercised control over the operations of a subsidiary may be held liable as the operator of a polluting facility owned and operated by its subsidiary. The court held that the parent corporation was not liable.

In the instant case, the record and undisputed evidence confirms that Wal-Mart Stores East, LP is a separate and distinct corporate entity from Wal-Mart

---

[1]In this case, Wal-Mart Stores, Inc. is a distant parent of Wal-Mart Stores East, LP. Attached is a copy of Wal-Mart Stores East, LP's recent filing in the case of Favreau v. Wal-Mart Stores East, LP, noting that Wal-Mart Stores East, LP is a Delaware limited partnership, with WSE Management, LLC as the general partner, and WSE Investment, LLC as the limited partner. The sole member of both of those LLC's is Wal-Mart Stores East, Inc. Wal-Mart Stores, Inc. is the parent company of Wal-Mart Stores East, Inc. (see disclosure attached as Exhibit 4).

Stores, Inc.   On the date of the accident, Wal-Mart Stores, Inc. did not occupy or operate the premises where Plaintiff's accident allegedly occurred.   Rather, the premises were occupied and operated by Wal-Mart Stores East, LP.  As a matter of law, Wal-Mart Stores, Inc. cannot be held liable for events that took place in a store occupied and operated by Wal-Mart Stores East, LP.

This exact issue was recently considered by the trial court in <u>Frye v. Wal-Mart Stores, Inc</u>. (Okaloosa County Case No. 2009 CA 006973).   There, the Hon. Terrance Ketchel determined as a matter of law, and under similar circumstances, that Wal-Mart Stores, Inc. was entitled to summary judgment.  (See Defendant's Motion for Summary Judgment and Memorandum of Law in Support, and the Court's Order Granting Final Summary Judgment attached as Exhibits 5 and 6, respectively.)  As in the instant case, in <u>Frye</u> plaintiff sued Wal-Mart Stores, Inc., alleging that it occupied and operated the premises where plaintiff's accident occurred.   Affidavit testimony confirmed that Wal-Mart Stores East, LP was the operator of the premises on the date of the accident and that it was a separate and distinct corporate entity from the named defendant, Wal-Mart Stores, Inc. Plaintiff had sued the wrong party, the statute of limitations had expired and, therefore, the <u>Frye</u> court granted defendant's motion for summary judgment as a matter of law.

## CONCLUSION

As a matter of law, Wal-Mart Stores, Inc. cannot be held liable for events that took place in a store occupied and operated by a Wal-Mart Stores East, LP, a separate and distinct corporate entity.

### Certificate of Local Rule 7.1(B)

Counsel for Defendant has conferred with Plaintiffs' counsel in a good faith effort to resolve by agreement the issues raised in this motion. Such efforts were unsuccessful.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to H. Lawrence Perry, Esq. / Christopher A. Young, Esq., Perry & Young, P.A., 2612 West 15th Street, Panama City, FL 32401 via the Court's electronic filing system, this 22nd day of November, 2010.

/s/ J. Andrew Talbert

**J. Andrew Talbert**
Florida Bar No.: 0106003
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, FL 32591-3105
(850) 434-6223 Telephone
(850) 434-5242 Facsimile
E-Mail: ATalbert@bjm-law.com
Attorneys for Defendant