IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**TERESA YATES, and her spouse,
LEE YATES**

    Plaintiffs,

vs.                                    CASE NO. 5:10-cv-226/RS-GRJ

**WAL-MART STORES, INC., d/b/a**
Walmart Supercenter Store #818,

    Defendant.
_____/

## ORDER

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B*

& B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Background

Plaintiffs, husband and wife, sue Defendant for injuries resulting from a slip-and-fall incident that occurred at Defendant's place of business on July 3, 2006. The incident occurred in the building situated at 10270 Front Beach Road, Panama City Beach, Florida, and is commonly known as Wal-Mart Supercenter Store #818. The Defendant, Wal-Mart Stores, Inc., is the parent company of Wal-Mart Stores East, LP.

## Analysis

"The crux of the cause of action for premises liability is. . . the failure of a person who is in actual possession or control . . . to use due care to warn or to exclude, licensees and invitees from areas known to the possessor to be dangerous." *Badillo v. Playboy Entm't Group, Inc.*, 2006 U.S. Dist. LEXIS 17205 (M.D. Fla. 2006) (*citing Haynes v. Lloyd*, 533 So. 2d 944, 946 (Fla. 5th DCA 1988). *See also* RESTATEMENT (SECOND) OF TORTS § 343 (1965) ("A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land.").

In their complaint, Plaintiffs allege that Defendant was "in possession" of the building where the incident giving rise to the cause of action occurred (Doc. 24, Attach.

1, Para. 4). In its answer (Doc. 24, Attach. 2, Para. 4), Defendant "was without knowledge and therefore denied" its possession of the premises in question. By affidavit, Jon Kurpil, the market manager for Wal-Mart Store #818, who had knowledge of the corporate structure and corporate entity, stated that the location in question was operated by Wal-Mart Stores East, LP, a separate and distinct entity from Defendant Wal-Mart Stores, Inc. (Doc. 24, Attach. 3, Para. 4).[1] Plaintiffs have not offered any evidence to rebut this assertion.

In the light most favorable to Plaintiffs, Defendant is not in possession of the premises in question. In addition, Plaintiffs have not suggested that Defendant is liable for its subsidiary's actions. As such, Defendant is not a proper party to this suit.

**IT IS ORDERED**:

1. The Defendant's Motion for Summary Judgment (Doc. 24) is **GRANTED**. Defendant Wal-Mart Stores, Inc., is dropped as party defendant with prejudice.

2. Pursuant to Fed. R. Civ. P. 15 (a) (2), Plaintiffs may amend their complaint not later than January 10, 2011 to identify the proper defendant.

3. Pursuant to Fed. R. Civ. P. 15 (c) (1) (C), the amendment shall relate back to the date of the original pleading.

---

[1] Businesses using the corporate form generally do so to limit liability. Those who do so "have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose which justifies piercing of the corporate veil." *Roberts' Fish Farm v. Spencer*, 153 So. 2d 718, 721 (Fla. 1963) (*citing Continental Distilling Sales Co. v. Vocelle*, 158 Fla. 100, 102 27 So.2d 728, 728 (1946)).

**ORDERED** on December 28, 2010

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**